Case 1:18-cv-01450 Document 1 Filed 02/16/18 Page 1 of 12

Irina Roller (IR 0177)
Attorney for Plaintiffs
Law Offices of Irina Roller, PLLC
111 Broadway, Suite 901
New York, N.Y. 10006
(212) 688-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

S.R individually and on behalf of her child
B.R., a minor, L.P. individually and on
behalf of her child I.Q., a minor., T.N
individually and on behalf of her child
K.N., a minor

**COMPLAINT**

Plaintiffs,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

------------------------------------------------X

Plaintiffs, S.R individually and on behalf of her child
B.R., a minor, L.P. individually and on behalf of her
child I.Q., a minor., T.N individually and on behalf of
her child K.N., a minor by their attorneys, Law Offices
of Irina Roller, PLLC as and for their Complaint
against defendant, THE NEW YORK CITY DEPARTMENT OF

1

EDUCATION, allege and state the following:

FIRST: Plaintiffs children are minor children with learning disabilities, and at all relevant times are students residing within New York City, who are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400, et seq.; the federal regulations governing the IDEIA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

SECOND: At all relevant times, all plaintiffs have resided and continue to reside within the Counties of New York & Kings.

THIRD: Plaintiffs, though known to defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEIA statute, as well as in the Family Education Rights Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. Part 99. Upon the request of this Court, plaintiffs are prepared to disclose plaintiffs' identities in camera.

FOURTH: Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the "local

2

educational agency" charged with the obligation to provide minor plaintiffs herein with a free and appropriate public education ("FAPE").

## NATURE OF THE ACTION

FIFTH: This action is filed pursuant to the IDEIA, 20 U.S.C. § 1415, and follows a trial on behalf of each plaintiff that resulted in an Impartial Hearing Officer's ("IHO") decision, on the merits, in plaintiffs' favor.

SIXTH: This action is filed to secure statutory attorneys' fees and costs that plaintiffs should be awarded in this fee application action, and in the underlying administrative proceedings, as each plaintiff is a "prevailing party" pursuant to the express fee-shifting provisions of the IDEIA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

SEVENTH: This court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction over this action without regard to the amount in controversy. Venue is proper in that plaintiffs and defendant reside in or are situated within this judicial district.

3

## FACTUAL BACKGROUND

EIGHTH: Pursuant to the IDEIA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special education program and services that are tailored to meet the individual needs of each child with a disability.

### S.R. individually and on behalf of her child B.R.

NINTH: On or about January 14, 2014 plaintiffs, S.R. individually and on behalf of her child B.R., a minor, initiated an administrative due process proceeding against defendant in order to obtain tuition reimbursement and other relief based upon defendant's failure to provide B.R. with a FAPE for the 2013-2014 school year. Plaintiffs sought tuition reimbursement, in connection with B.R.'s placement at Stephen Gaynor School ("Gaynor").

TENTH: Following a one-day trial, In a 10-page "Findings of Fact and Decision" dated February 23, 2015 Impartial Hearing Officer William Wall, Esq. issued an Order, Case No. 150035, based, in part upon an analysis of the three-prong "Burlington-Carter" test which found:

4

a)   Defendant, DOE conceded prong I.

b)   Plaintiffs satisfied Prong 2 by demonstrating
     that Gaynor, at all relevant times, was an
     appropriate school placement for B.R. for the
     2013-14 school year.

c)   Prong 3, also known as the "equities," favored
     plaintiffs.

ELEVENTH: The hearing officer's February 23, 2015
Decision directs defendant to reimburse plaintiffs for
the tuition paid to Gaynor for the 2013-14 school year.

TWELFTH: As a consequence of the favorable, un-
appealed administrative decision, Plaintiff qualifies
as a "prevailing party" within the meaning of the
IDEIA, 20 U.S.C. § 1415(i)(3).

THIRTEENTH:   Under   the   IDEIA   fee-shifting
provisions, plaintiffs should be awarded reasonable
attorney's fees and other recoverable costs for legal
services rendered at the administrative level in the
amount of  $16,520.00.

FOURTEENTH: Plaintiff's are also entitled to an
award of attorney's fees and related to filing costs

and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $2,500.00.

## L.P. individually and on behalf of her child I.Q.

FIFTEEN: On or about October 17, 2014 plaintiffs, L.GP. individually and on behalf of her child I.Q., a minor initiated an administrative due process proceeding against defendant in order to obtain tuition reimbursement and other relief based upon defendant's failure to provide F.G. with a FAPE for the 2014-2015 school year. Plaintiffs sought tuition reimbursement, in connection with I.Q.'s placement at the Windward School ("Windward") as well as the transportation cost.

SIXTEENTH: Following a three-day trial, in an 8-page "Findings of Fact and Decision" dated, February 23, 2015 Impartial Hearing Officer Dora Lassinger, Esq. issued an Order, Case No. 153788, based, in part upon an analysis of the three-prong "Burlington-Carter" test which found:

a) Defendant DOE conceded prong I.

b) Plaintiffs satisfied Prong 2 by demonstrating that Windard, at all relevant times, was an appropriate placement for I.Q. The parent's claim for tuition & transportation

6

reimbursement was granted.

c) Prong 3, also known as the "equities," favored plaintiffs.

SEVENTEENTH: The hearing officer's February 23, 2015 Decision directs defendants to reimburse plaintiffs for the tuition paid by plaintiffs to Gaynor for the 2014-15 school year including the cost of transportation.

EIGHTEENTH: As a consequence of the favorable, un-appealed administrative decision, Plaintiff qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

NINETEENTH: Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level in the amount of $19,865.75.

TWENTIETH: Plaintiff's are also entitled to an award of attorney's fees and related to filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $2,500.00.

**T.N. individually and on behalf of his child K.N.**

7

NINTH: On or about September 30, 2014 plaintiffs,
T.N. individually and on behalf of her child K.N., a
minor, initiated an administrative due process
proceeding against defendant in order to obtain tuition
reimbursement and other relief based upon defendant's
failure to provide K.N. with a FAPE for the 2014-2015
school year. Plaintiffs sought tuition reimbursement,
in connection with K.N.'s placement at York Preparatory
School ("York"), as well as the costs of York's Jump
Start program.

TENTH: Following a two-day trial, In a 16-page
"Findings of Fact and Decision" dated February 19, 2015
Impartial Hearing Officer Sharyn Finkelstein, Esq.
issued an Order, Case No. 153469, based, in part upon
an analysis of the three-prong "Burlington-Carter" test
which found:

a)  Defendant, DOE conceded prong I, however they
    argued that only Jump Start should be
    considered.

b)  Plaintiffs satisfied Prong 2 by demonstrating
    that York, at all relevant times, was an
    appropriate school placement for K.N. for the
    2014-15 school year.

Case 1:18-cv-01450 Document 1 Filed 02/16/18 Page 9 of 12

c) Prong 3, also known as the "equities," favored plaintiffs.

ELEVENTH: The hearing officer's February 19, 2015 Decision directs defendant to reimburse plaintiffs for the tuition paid to York and the Jump Start Program for the 2014-15 school year.

TWELFTH: As a consequence of the favorable, un-appealed administrative decision, Plaintiff qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

THIRTEENTH: Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level in the amount of $19,554.00.

FOURTEENTH: Plaintiff's are also entitled to an award of attorney's fees and related to filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $2,500.00.

**PROCEDURAL REQUIREMENTS**

TWENTY-ONE: Plaintiffs repeat, reiterate and reaffirm each every allegation set forth above as if fully set forth herein.

TWENTY-TWO: Plaintiffs have exhausted their administrative remedies, as attorney's fees and related

costs may not be recovered at the administrative level, and must be adjudicated and determined by the federal court, absent an agreement by the parties.

TWENTY-THREE: This action on behalf of all plaintiffs is timely brought based on the applicable three-year statute of limitations.

TWENTY-FOUR: As a consequence of the favorable, un-appealed administrative decisions, all plaintiffs qualify as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

TWENTY-FIVE: Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level and in connection with this fee application.

## **RELIEF REQUESTED**

**WHEREFORE,** by reason of the foregoing, this Court should:

(a) declare each of the Plaintiffs to be the prevailing party in their respective administrative action;

(b) fix and award plaintiffs' statutory attorney's fees and related costs and disbursements from the

administrative proceeding as follows for each Plaintiff:

S.R. individually and on behalf of her child B.R., a minor: $16,520.00;

L.P. individually and on behalf of her child I.Q., a minor: $19,865.75;

T.N. individually and on behalf of her child K.N., a minor: $19,554.00;

(c) award Plaintiffs the attorney's fees and related filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately for each Plaintiff:

S.R. individually and on behalf of her child B.R., a minor: $2,500.00;

L.P. individually and on behalf of her child I.Q., a minor: $2,500.00;

T.N. individually and on behalf of her child K.N., a minor: $2,500.00;

(d) award Plaintiffs such other and further relief

as this Court deems fair and just.

Dated: New York, New York
February 16, 2018

Respectfully submitted,

Irina Roller (IR 0177)
Law Offices of Irina Roller, PLLC
Attorney for Plaintiffs
111 Broadway, Suite 901
New York, N.Y. 10006
(212) 688-1100
Email: Hearings@RollerEsq.com

Case 1:18-cv-01450 Document 1 Filed 02/16/18 Page 12 of 12